1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    TOM TAKANO and TRACY                    No. 2:17-cv-00385-TLN-AC
      MCCARTHY, individuals and on behalf of
12    all others similarly situated,

13                     Plaintiff,              **ORDER**

14           v.

15    THE PROCTER & GAMBLE
      COMPANY,
16
                       Defendant.
17

18

19           This matter is before the Court pursuant to Defendant The Procter and Gamble

20    Company's ("Defendant") Motion to Dismiss Plaintiffs' Complaint.  (Mot. To Dismiss Compl.,

21    ECF No. 6.)  Plaintiffs Tom Takano and Tracy McCarthy (collectively, "Plaintiffs") oppose the

22    motion.  (Opp'n to Mot. To Dismiss, ECF No. 9.)  Defendant has filed a reply.  (Reply to Mot. to

23    Dismiss, ECF No. 10.)  Having carefully considered the briefing filed by both parties and for the

24    reasons set forth below, Defendant's Motion to Dismiss (ECF No. 6) is hereby GRANTED in part

25    and DENIED in part.

26    ///

27    ///

28    ///

                                                   1

## I.    FACTUAL BACKGROUND

Plaintiffs are named representatives of a proposed nationwide class of individuals and entities who have purchased products within the Herbal Essences Wild Naturals ("Products") line by Defendant within the past four years. (Compl., ECF No. 1 ¶¶ 6, 33.)

Plaintiffs contend at least nine different Herbal Essences Products labeled "Wild Naturals" contain "synthetic, unnatural, and dangerous ingredients," which in their view renders the "Wild Naturals" label "false, misleading, and designed to deceive consumers into paying a price premium," since the products are not entirely natural. (ECF No. 1 ¶¶ 1, 3.) Plaintiffs contend the labels on Defendant's Products contain a host of misrepresentations including the "Wild Naturals" statement on both the front and back of the Products, the assertion that the Products allow consumers to "strengthen your hair naturally with the nurturing properties of Cassia," and at least one additional use of the word "naturally" on each of the labels. (ECF No. 1 ¶¶ 14, 15, 16, 17, 19.) Plaintiffs assert these alleged misrepresentations "creates the impression amongst reasonable consumers that the Products are natural" without "adequately inform[ing] consumers that the Products contain numerous synthetic, unnatural, and dangerous ingredients." (ECF No. 1 ¶ 3.) Plaintiffs maintain that Defendant's ingredient list is insufficient in part because it is "on the back of the Product packaging in small, hard-to-read print and, even then, fails to inform consumers that many of the ingredients listed are synthetic and unnatural." (ECF No. 1 ¶ 3.)

Plaintiffs allege that due to Defendant's allegedly false and misleading "natural" claims, Plaintiffs purchased the Products at a price premium over other similar products. (ECF No. 1 ¶ 4.) Absent these deceptive marketing practices, Plaintiffs allege that they "would not have purchased Wild Naturals" Products nor "paid a price premium over and above" other products had they known the Products contain synthetic ingredients. (ECF No. 1 ¶¶ 9, 10.)

Plaintiffs bring ten causes of action alleging violations of California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), multiple sections of California's Unfair Competition Law ("UCL"), New York Gen. Bus. Law. ("NY GBL") § 349, and NY GBL § 350, as well as claims for negligent misrepresentation, fraud, and breach of express warranty.

Defendant filed the instant Motion to Dismiss before filing an answer. (ECF No. 6.)

Defendant moves to dismiss all counts arguing (1) Plaintiffs lack standing to sue for several claims, (2) Plaintiffs failed to state a claim under 12(b)(6), and (3) the Court must strike Plaintiffs' request for punitive damages.  (ECF No. 6.)

**II.    Standard of Law**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]"  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  Analysis

The Court's analysis will proceed in four parts.  First, the Court will discuss Defendant's arguments that Plaintiffs lack standing to assert many of their allegations.  (ECF No. 6 at 16.)  Next, the Court will address Defendant's argument that Plaintiffs' Complaint fails to state a claim for violations of the UCL, FAL and CLRA.  (ECF No. 6 at 14.)  The Court will then consider Defendant's assertions that Plaintiffs' Complaint fails to state a claim for NY Gen. Bus. Law §§

349 and 350, fraud, negligent misrepresentation, and breach of express warranties.  Finally, the Court will decide whether to strike Plaintiffs' request for punitive damages.  (ECF No. 6 at 26.)

### A. Standing

Defendant brings three limited challenges to Plaintiffs' standing to bring suit.  First, Defendant challenges Plaintiffs' standing to sue for claims on Defendant's website which Plaintiffs did not rely upon prior to purchasing the Products.  (ECF No. 6 at 16–17.)  Second, Defendant asserts that Plaintiffs cannot bring claims for unpurchased products.  (ECF No. 6 at 17–19.)  Third, Defendant argues that Plaintiffs lack standing to represent class members in which they do not reside.  (ECF No. 6 at 19–20.)  The Court will address each argument in turn.

*i.    Standing to Pursue Claims Based on Defendant's Website*

Plaintiffs allege that Defendant "reinforced the common, uniform representation that the Products are natural" through a marketing campaign on its website.  (ECF No. 1 ¶ 20.)  Defendant moves to dismiss any claims based on its website's statements, arguing that Plaintiffs lack standing because they fail to allege reliance upon the website representations.  (ECF No. 6 at 16-17.)

Plaintiffs' claims under the UCL, FAL, or CLRA must demonstrate actual reliance.  *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011); *McCrary v. Elations Co., LLC*, No. EDCV 13–0242 JGB OPX, 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011); *Cohen v. DirecTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009).  However, Plaintiffs' claims under NY 349 and 350 do not similarly "require proof of justifiable reliance."  *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995); *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).  Actual reliance occurs when a plaintiff relies on the allegedly false or misleading statements prior to purchasing the product.  *McCrary*, 2013 WL 6403073, at *8.

In *In re Ferrero Litigation*, the plaintiffs alleged that Ferrero's Nutella website contained numerous misrepresentations, but in the complaint the plaintiffs only alleged that they relied on representations from Nutella's label and television advertisements prior to purchasing Nutella.  *In re Ferrero Litig.*, 794 F. Supp. 2d at 1112.  The court found that based on these allegations,

5

1  "[p]laintiffs did not actually rely on the statements on Nutella's website before making their

2  purchases and lack[ed] standing to challenge these statements under the UCL, FAL, and CLRA."

3  *Id.*

4          Here, Plaintiffs allege that they purchased the Products after seeing the Products' labels,

5  but do not allege that they looked at or relied upon anything on Defendant's website before

6  purchasing the Products. (*See* ECF No. 1 ¶¶ 9, 10.) Plaintiffs allege that Defendant "reinforced

7  the common, uniform representation that the Products are natural on its website –

8  herbalessences.com." (ECF No. 1 ¶ 20.) This allegation does not amount to actual reliance for

9  the purposes of determining standing under the UCL, FAL, and CRLA because Plaintiffs did not

10  look at the website representations prior to purchasing the Products. Thus, Plaintiffs could not

11  have actually relied on any website statements and lack standing under the UCL, FAL, and CLRA

12  to challenge the statements on herbalessences.com. The Court finds that any claims under the

13  UCL, FAL, and CRLA regarding representations on Defendant's website are hereby dismissed

14  for lack of standing.[1]

15              ii.      *Standing for Products Which Named Plaintiffs Did Not Purchase*

16          Defendant argues that Plaintiffs do not have standing to assert claims for Products they

17  did not purchase. (ECF No. 6 at 17.) Plaintiff Takano alleges only that he purchased Herbal

18  Essences Wild Naturals Detoxifying Shampoo (ECF No. 1 ¶ 9) and Plaintiff McCarthy alleges

19  only that she purchased Herbal Essences Detoxifying Intensive Treatment (ECF No. 1 ¶ 10).

20  However, Plaintiffs assert claims with respect to all Products sold under the Wild Naturals line.

21  (ECF No. 1 ¶ 6.) In response to Defendant's argument, Plaintiffs contend that there is sufficient

22  similarity between the Products they did buy and those they did not buy such that their claims

23  should survive dismissal and that any of Defendant's concerns are better addressed at the class

24  certification stage. (ECF No. 9 at 15–17.)

25          "There is no controlling authority [in this Circuit] on whether [p]laintiffs have standing for

26  products they did not purchase" when bringing a class action. *Miller v. Ghirardelli Chocolate*

27  *Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). Some district courts within the Ninth Circuit

28  _____
    [1]      This finding is limited to Plaintiffs' UCL, FAL and CRLA claims.

have applied a bright-line rule that, "when a plaintiff asserts claims based both on products that she purchased and products that she did not purchase, claims relating to products not purchased must be dismissed for lack of standing." *Granfield v. NVIDIA Corp.*, C 11–05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012); *see also Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1149–1150 (N.D. Cal. 2013); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, C 10–01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011). "Other courts have simply deferred all such determinations until class certification, on the basis that such a dispute is better taken under the lens of typicality or adequacy of representation, rather than standing." *Golden v. Home Depot, U.S.A, Inc.*, No. 118CV00033LJOJLT, 2018 WL 2441580, at *14 (E.D. Cal. May 31, 2018) (citation omitted); *Kosta v. Del Monte Corp.*, 12–CV–01722–YGR, 2013 WL 2147413, at * 15 (N.D. Cal. May 15, 2013) ("[A]ny concerns regarding the differences among products at issue are better resolved at the class certification stage.").

Many courts, however, opt to apply a "substantially similar" test when pressed with this question. *Miller*, 912 F. Supp. 2d at 869; *see also Brown v. Hain Celestial Grp.*, *Inc.*, 913 F. Supp. 2d 881, 890 (N.D. Cal. 2012) ("The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."). Under this test, when a lead plaintiff in a class action has met the prerequisite standing requirements as to purchased products, "the class has standing as to unpurchased products and can survive a motion to dismiss on standing so long as the products and misrepresentations are substantially similar." *Golden*, 2018 WL 2441580, at *15 (citing *Anderson v. The Hain Celestial Grp.*, 87 F. Supp. 3d 1226, 1233 (N.D. Cal. 2015)). Products are substantially similar if "the resolution of the asserted claims will be identical between the purchased and unpurchased products." *Ang v. Bimbo Bakeries USA, Inc.*, Case No. 13–cv–01196–WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014). If the misleading aspect of both the purchased and unpurchased products can be examined without a "context-specific analysis of each product's label," the products are substantially similar. *Id.*

The "substantially similar" standard "appears to be the majority rule applied by federal

courts in California and in this District." *Golden*, 2018 WL 2441580, at *15; *see also Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1315 (E.D. Cal. 2014); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012); *Morales v. Unilever U.S., Inc.*, Civ. No. 2:13–2213 WBS EFB, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014). Therefore, the Court will apply the substantially similar test in the case at hand.

The Court finds Plaintiffs have alleged sufficient similarity between the Products they purchased and the Products they did not purchase. Specifically, Plaintiffs allege that Defendant's Products, both purchased and unpurchased, contain synthetic and unnatural ingredients and use a nearly identical labeling scheme. (ECF No. 1 at 6–10.) The fact that there may be variations of ingredients between the purchased and unpurchased Products is not dispositive because Plaintiffs have "identified a common mislabeling practice across all products." *Swearingen v. Late July Snacks LLC*, No. 13-CV-04324-EMC, 2017 WL 4641896, at *5 (N.D. Cal. Oct. 16, 2017). Furthermore, questions concerning any material differences between the labels should be addressed at the class certification stage rather than the Rule 12(b)(6) motion stage. *See Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012). Therefore, the Court finds that Plaintiffs have standing as to the unpurchased Products. Defendant's motion to dismiss Plaintiffs' claims for Products they did not purchase is hereby denied.

*iii.* *Standing to Bring Suit for States Where Plaintiffs Do Not Reside*

Defendant argues that Plaintiffs lack standing to represent class members from states in which Plaintiffs do not reside. (ECF No. 6 at 19.) Plaintiffs reside in Sacramento, California and Holbrook, New York. (ECF No. 1 ¶¶ 9, 10.) Plaintiffs' Complaint defines the proposed class as "all persons in the United States who purchased Wild Naturals products within the past four years." (ECF No. 1 ¶ 33.) Plaintiffs seek to establish two subclasses of Class members, the "California Subclass" and the "New York Subclass." (ECF No. 1 ¶¶ 34–35.) Defendant argues that Plaintiffs do not have standing to assert claims under consumer protection laws of states where neither named plaintiff resides. (ECF No. 6 at 19.) In their Opposition, Plaintiffs clarify that they "explicitly bring their UCL, FAL, and CLRA claims only on behalf of a California

8

1    subclass and bring their NY GBL §§ 349 and 350 claims on behalf of a New York subclass" and

2    "do not allege any consumer protection claims in states in which they do not reside." (ECF No. 9

3    at 20.)[2]  In light of Plaintiffs' Opposition, the Court finds that Plaintiffs' consumer protection

4    claims are brought by the enumerated subclasses as defined by Plaintiffs.  Accordingly,

5    Defendant's motion to dismiss Plaintiffs' claim for lack of standing for states in which they do

6    not reside is denied.

7              B.  Failure to State a Claim Under the CLRA, UCL, and FAL

8              Defendant argues that Plaintiffs' Complaint fails to state a claim for violations of the

9    UCL, FAL, and CLRA.  (ECF No. 6 at 14.)  Defendant challenges Plaintiffs' UCL, CLRA, and

10   FAL claims on several grounds. Defendant argues: (1) Defendant's references to "natural" are not

11   inaccurate, and thus reasonable consumers would not be deceived by the use of that term (ECF

12   No. 6 at 14–15); (2) Plaintiffs' allegation that "the benefits of the purportedly 'natural' Products

13   are reinforced by claiming on the . . .  labels that the products are 'Fiercely Good For Your Hair'"

14   should be dismissed as mere puffery (ECF No. 6 at 15–16); (3) Plaintiffs' failed to plead the

15   UCL, FAL, and CLRA claims with particularity as required by Rule 9(b) (ECF No. 6 at 20–21);

16   and (4) each of Plaintiffs' three claims under the UCL should be dismissed for failure to state a

17   claim (ECF No. 6 at 25–26).

18             California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice

19   and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

20   California's FAL prohibits any "untrue or misleading" advertising. *Id.* § 17500.  California's

21   CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal.

22   Civ. Code § 1770(a).  Under the UCL, FAL, and CLRA, conduct is deceptive or misleading if it

23   is likely to deceive a "reasonable consumer." *Williams v. Gerber Products Co.*, 552 F.3d 934,

24   938 (9th Cir. 2008).

25             Because the UCL, FAL, and CLRA have similar pleading requirements, the Court will

26   address issues common to those three claims together.  The Court will then proceed to issues

27   _____

     [2]      Neither party presented arguments on whether or not Plaintiffs can assert nationwide warranty or fraud
28   claims, or whether Plaintiffs can represent a class consisting of smaller subset of states.  Thus, the Court makes no
     determination of those issues.

1    specific to Plaintiff's UCL claims.

2                    *i.*        *Reasonable Consumer Standard*

3          Under the UCL, FAL, and CLRA, conduct is deceptive or misleading if it is likely to

4    deceive a "reasonable consumer." *Williams*, 552 F.3d at 938; *Freeman v. Time, Inc.*, 68 F.3d 285,

5    289 (9th Cir. 1995); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 506–07 (2003)

6    ("[U]nless the advertisement targets a particular disadvantaged or vulnerable group, it is judged

7    by the effect it would have on a reasonable consumer."). The threshold for this "reasonable

8    consumer" standard is higher than a "mere possibility" that Defendant's Products' label "might

9    conceivably be misunderstood by some few consumers viewing it in an unreasonable manner."

10   *Lavie*, 105 Cal. App. 4th at 508. Rather, the reasonable consumer standard necessitates a

11   likelihood "that a significant portion of the general consuming public or of targeted consumers,

12   acting reasonably in the circumstances, could be misled." *Id.* California courts "have recognized

13   that whether a business practice is deceptive will usually be a question of fact not appropriate for

14   decision on demurrer." *Williams*, 552 F. 3d at 938; *see also Linear Tech. Corp. v. Applied*

15   *Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007). Only in "rare situation[s]" is granting a

16   motion to dismiss on this basis appropriate. *Williams*, 552 F.3d at 939; *Hitt v. Arizona Beverage*

17   *Co., LLC*, No. 08 CV 809 WQH (POR), 2009 WL 449190, at *7 (S.D. Cal. Feb. 4, 2009)

18   ("[P]arties should be able to submit evidence to demonstrate whether a reasonable consumer

19   would find the labeling on the subject beverages to be deceptive.").

20         Defendant argues that a reasonable consumer would not be misled by their advertising

21   scheme because the references to "natural" are not inaccurate and a reasonable consumer would

22   not conclude that the Products are "all natural" or "100% natural." (ECF No. 6 at 14–15.)

23   However, in *Jou v. Kimberly-Clark Corp.*, the court rejected strikingly similar arguments, stating

24   that "[w]hether one labels a product 'natural' or 'all natural,' the same plausible inference can be

25   drawn—that the product is natural, meaning it is not made with any non-natural ingredients."

26   2013 WL 6491158, at *6 (N.D. Cal. Dec. 10, 2013); *see also Brenner v. Procter & Gamble Co.*,

27   No. SACV 16–1093–JLS JCG, 2016 WL 8192946, at *6 (C.D. Cal. Oct. 20, 2016) ("[A]

28   consumer could plausibly believe that 'Natural Clean' wipes do not contain any synthetic

compounds, especially ones that are potentially harmful to infants."). Further, the relevant question here is not whether "natural" means "100% natural," or "all natural," but rather the meaning that consumers would attach to the term. *Morales v. Unilever U.S., Inc.*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *7. "As many courts have observed, this is generally not a question that can be resolved on a motion to dismiss." *Id.*; *Hain Celestial Grp., Inc.*, 913 F. Supp. 2d at 899; *Vicuna v. Alexia Foods, Inc.*, Civ. No. 11–6119 PJH, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012); *Parker v. J.M. Smucker Co.*, Civ. No. 13–690 SC, 2013 WL 4516156, at *6 (N.D. Cal. Aug. 23, 2013).

Further, Defendant seemingly reasons that Plaintiffs' arguments must fail because they are "resting their claim" on "a single out-of-context phrase." (ECF No. 10 at 6–7 (citing *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW DTBX, 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012), *and Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113 (9th Cir. 2012).) Defendant argues Plaintiffs' take the statement "strengthen your hair naturally" out of context and that said phrase in its entirety reads, "strengthen your hair naturally with the nurturing properties of Cassia." (ECF No. 10 at 6.) Defendant's contend this statement is not misleading because the ingredient Cassia, is allegedly a natural product. (ECF No. 10 at 6.) Defendant contends that any characterizations of the Products being "natural" are not incorrect. (ECF No. 10 at 6.) Regardless of whether the Products contain natural ingredients, the question here is whether a reasonable consumer would believe that they are completely natural and devoid of any synthetic ingredients. It is clear that Plaintiffs provide the Cassia example as just one piece of alleged misrepresentations on Defendant's Products' labels. (*See* ECF No. 1 ¶¶ 14–19.) The Court cannot conclude at this stage of the litigation that a reasonable consumer would not be misled by the term "naturally" or "Wild Naturals." Thus, Defendant's motion to dismiss Plaintiffs' UCL, FAL, and CLRA claims on this basis is denied.

### ii. Puffery

Defendant asks the Court to dismiss Plaintiffs' claims that "the benefits of the purportedly 'natural' Products are reinforced by claiming on the . . . labels that the products are 'Fiercely Good For Your Hair'" as mere puffery. (ECF No. 6 at 15–16.) Plaintiffs respond by clarifying

that they "are not making independent claims based on this language. Rather, Plaintiffs allege that the statement buffers Wild Naturals' overall messaging suggesting that the products are in fact natural." (ECF No. 9 at 12 n.2.)

Puffery encompasses "outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 246 (9th Cir. 1990) (quotations omitted). Statements determined to be "puffery" are not actionable under the UCL, FAL, or CLRA. *See id.* at 245; *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1081 (N.D. Cal. 2017) (explaining that assertions that constitute mere puffery "are not actionable under the UCL, FAL, or CLRA"); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1235 (N.D. Cal. 2012) ("[S]tatements that . . . amount to puffery . . . are therefore not actionable under California's consumer protection statutes."). "While product superiority claims that are vague or highly subjective often amount to nonactionable puffery, 'misdescriptions of specific or absolute characteristics of a product are actionable.'" *Southland Sod Farms v. Stover Seed Co.*, 108 F. 3d 1134, 1145 (9th Cir. 1997) (citations omitted). "Whether a statement is puffery may be decided as a matter of law on a motion to dismiss. However, it is a 'rare situation' where granting a motion to dismiss claims under the UCL is appropriate." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1115 (S.D. Cal. 2011) (citations omitted).

The Court does not find that this is one of the "rare situations" where granting a motion to dismiss on this basis would be appropriate. Plaintiffs have alleged that the phrase Defendant challenges is part of Defendant's overall marketing scheme, and they are not independently challenging whether the statement that the Products are "Fiercely Good For Your Hair" is misleading. Alone, this statement may amount to product superiority claims that are "vague or highly subjective" resulting in "nonactionable puffery." *Southland Sod Farms*, 108 F.3d at 1145 (citations omitted). However, whether a reasonable consumer could rely on the statements as a whole is a question of fact not appropriate for dismissal at this stage. *See In re Ferrero Litig.*, 794 F. Supp. at 1115. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' claims as puffery.

*iii.*      *Rule 9(b)*

2          Defendant asserts that Plaintiffs' FAL, CLRA, and UCL claims are premised on fraud,

3    and therefore must be dismissed because they are not pled with the particularity required by Rule

4    9(b).  (ECF No. 6 at 20–21.)  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must

5    state with particularity the circumstances constituting fraud or mistake. Malice, intent,

6    knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.

7    9(b).  Claims alleging violations of the FAL, CLRA, and UCL that are based on fraudulent

8    conduct must satisfy Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

9    2009) ("The CLRA prohibits 'unfair methods of competition and unfair or deceptive acts or

10   practices undertaken by any person in a transaction intended to result or which results in the sale

11   of . . . goods or services to any consumer'. . . [W]e have specifically ruled that Rule 9(b)'s

12   heightened pleading standards apply to claims for violations of the CLRA and UCL.")

13         "[I]n a deceptive advertising case, Rule 9(b) requires that the plaintiff or plaintiffs identify

14   specific advertisements and promotional materials; allege when the plaintiff or plaintiffs were

15   exposed to the materials; and explain how such materials were false or misleading."  *Janney v.*

16   *Mills*, 944 F. Supp. 2d 806, 815 (N.D. Cal. 2013); *Morales*, No. CIV. 2:13-2213 WBS E, 2014

17   WL 1389613, at *9.  Here, Plaintiffs provide a copy of each of the allegedly misleading Product's

18   labels and identify several aspects of Defendant's marketing scheme that they contend are

19   misleading: the term "naturally"; the phrase "Wild Naturals"; and that the Products allow

20   consumers to strengthen their "hair naturally with the nurturing properties of Cassia."  (ECF No.

21   1 ¶¶ 15–19.)  Plaintiffs identify when they were exposed to the allegedly misleading Products'

22   labels, where they purchased the Products, and how the Products' labels contributed to Plaintiffs'

23   decisions to purchase Defendant's Products.  (*See* ECF No. 1 ¶¶ 9, 10.)  Beyond this, Plaintiffs

24   provide a detailed explanation of why the Products are allegedly misleading.  (ECF No. 1 ¶¶ 23,

25   27.)  Plaintiffs list fifteen unnatural ingredients, and allege that each of the Products have an

26   overlap of at least one, if not more, of the unnatural ingredients.  (ECF No. 1 ¶¶ 27–28.)

27         District courts in California have found that similar allegations are sufficient to satisfy

28   Rule 9(b).  For instance, one judge in this district held that plaintiffs alleging "that they

understood the product labels to mean that the products were free of artificial or unnatural ingredients and that they paid a premium for those products as a result" was "sufficiently particular to satisfy Rule 9(b)." *Morales*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *10; *see also In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1100–01 (C.D. Cal. 2012) (determining that plaintiffs satisfied Rule 9(b) by alleging that the phrase "100% natural" could mean that Wesson Oil was not made from genetically modified organisms, and that they purchased the product based on this understanding); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Prods. Liability Litig.*, 754 F.Supp.2d 1145, 1172 n.18 (C.D. Cal. 2010) ("Allegations of representations from product labels and statements that, had consumers not been deceived by the labels, they would not have purchased the product, are sufficient to plead under Rule 9(b).") Plaintiffs have met their burden, and therefore, Defendant's motion to dismiss Plaintiffs' fraud claims for failure to plead with particularity is denied.

### iv. UCL Claims

Plaintiffs allege Defendants violated the UCL by engaging in unlawful, unfair and fraudulent business acts or practices. (ECF No. 1 ¶¶ 66–89 .) "Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Berryman v. Merit Prop. Mgm't, Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (citations omitted); *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1374 (2012). Here, Plaintiff brings three separate causes of action under the UCL. Defendant moves to dismiss each of the three claims.

### a. Claim III: "Unlawful" Conduct

Defendant argues that Plaintiffs' claim that Defendant violated the "unlawful" prong of the UCL must be dismissed because Plaintiffs failed to properly plead any unlawful claims. (ECF No. 6 at 25.) To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert a violation of some other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for a ... [section] 17200 'unlawful' violation." *Klein v.*

14

*Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) (citation omitted). Plaintiffs allege that Defendant violated the "unlawful prong" by violating the CLRA, the FAL, the NY GBL, and breached expressed warranties. (ECF No. 1 ¶ 71.) The Court finds Plaintiffs have adequately pleaded their FAL, CLRA, NY GBL, fraud, California negligent misrepresentation, and breach of express warranty claims. Thus, Defendant's motion to dismiss based on Plaintiff's failure to properly plead any unlawful claims is denied.

### b. <u>Claim IV: "Fraudulent" Conduct</u>

Defendant requests the Court dismiss Plaintiffs claim that Defendant violated the "fraudulent" prong of the UCL. (ECF No. 6 at 26.) To state a claim under the fraudulent prong of the UCL, Plaintiffs must adequately plead a business practice in which "members of the public are likely to be deceived." *Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1112 (S.D. Cal. 2017) (quoting *Morgan v. AT & T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009)). Plaintiffs allege that Defendant's Products' labels "represented that the Products were natural when, in fact, the Products contain ingredients that are not natural." (ECF No. 1 ¶ 78.) Plaintiffs further contend that because "Plaintiff and the California Subclass members are not sophisticated experts with independent knowledge of the formulation or ingredients of the Products," they acted reasonably in purchasing the Products based upon the belief that the Products did not contain synthetic ingredients. (ECF No. 1 at ¶ 79.)

Moreover, the applicable test when considering whether a claim is viable under the "fraudulent" prong of the UCL is the "reasonable consumer" test, which requires a plaintiff to show that reasonable consumers are likely to be misled by the advertising at issue. *Becerra*, 241 F. Supp. 3d at 1112. As discussed above, the Court concluded that this is a question of fact and only in rare circumstances should it be dismissed at the pleading stage. Again, this is not one of the rare situations.

Plaintiffs have adequately pleaded that Defendant has violated the "fraudulent" prong of the UCL. Any further discussion of the applicable "reasonable consumer" test is a question of fact not appropriate for redress at the pleading stage. Thus, Defendant's motion to dismiss

15

Plaintiffs' claim under the "fraudulent" prong of the UCL is denied.

### c. Claim V: "Unfair" Conduct

Defendant argues that Plaintiffs failed to state a claim for violation of the "unfair" prong of the UCL. (ECF No. 6 at 25.) "To plead a claim under the UCL's unfair prong, plaintiffs must allege facts to support: substantial consumer injury that is not outweighed by any countervailing benefits to consumers or competition, and that the consumer injury is not an injury the consumers could reasonably have avoided." *Allagas v. BP Solar Int'l Inc.*, No. C 14-00560 SI, 2014 WL 1618279, at *5 (N.D. Cal. Apr. 21, 2014).

Here, Plaintiffs adequately pled that Plaintiffs paid a price premium due to Defendant's alleged misrepresentations on the Products' labels. (*See* ECF No. 1 ¶ 88.) Further, "[w]hether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer." *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134–35 (2007). Accordingly, Defendant's motion to dismiss Plaintiffs' claim for violation of the "unfair" prong of the UCL is denied.

### C. Claims VI and VII: New York Gen. Bus. Law. §§ 349 and 350

New York law bars "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state." NY GBL § 349(a). Plaintiffs' NY GBL §§ 349 and 350 claims are governed by the same standard — that actionable misrepresentations must be materially deceptive or misleading "to a reasonable consumer acting reasonably under the circumstances." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014); *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 451 (E.D.N.Y. 2007) ("[C]ourts have noted that the standards under both [S]ections [349 and 350] are substantively identical."). Thus, the Court will discuss the two statutes together.

To state a prima facie case under NY GBL § 349, Plaintiffs must allege (1) that Defendant's engaged in consumer oriented conduct, (2) that the conduct or practices are "deceptive or misleading in a material way," and (3) that Plaintiffs have been injured as a result.

*Goldemberg*, 8 F. Supp. 3d at 478 (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995)).  Defendant's only argument that Plaintiffs' NY GBL §§ 349 and 350 claims are deficient, is that Plaintiff does not adequately plead Defendant's conduct was materially misleading.  (ECF No. 6 at 24–25.)  Thus, the Court declines to address the other two elements.

> i.      *Materially Misleading*

Defendant states that Plaintiffs' NY GBL claims are "deficient because the statements are not 'materially misleading.'"  (ECF No. 6 at 24.)  Defendant does not offer any definition of what "materially misleading" means under these particular statutes.  "The New York Court of Appeals has established an objective standard for determining whether acts or practices are materially deceptive or misleading 'to a reasonable consumer acting reasonably under the circumstances.'"  *Goldemberg*, 8 F. Supp. 3d at 478 (quoting *Oswego*, 85 N.Y.2d at 26).  "A court may make this determination as a matter of law, although usually such a determination is a question of fact."  *Id.* (citation omitted).

In *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, consumers brought a NY GBL § 349 claim against the defendant arguing that the manufacturer misled consumers into believing the products were made from exclusively natural ingredients.  8 F. Supp. 3d at 471–72.  The defendant labeled their products as "Active Naturals," despite the products containing synthetic ingredients.  *Id.* at 471.  The court was unable to find "as a matter of law that the product labels [were] not misleading to a reasonable consumer."  *Id.* at 480.

Similarly, here, the Complaint alleges that the term "Wild Naturals" is deceptive because it conveys to consumers that the Products are completely natural, when, in fact, the Products contain synthetic ingredients.  (ECF No. 1 ¶ 92.)  Defendant argues that the plain language of the phrase "Wild Naturals" conveys to consumers that the Products contain natural ingredients — not that they are "100% Natural" and contain no synthetic ingredients.  (ECF No. 6 at 14, 25.)  Defendant's arguments are unpersuasive.  As in *Goldemberg*, where the court determined that it was plausible that a reasonable consumer could be misled and believe that the defendant's "Active Naturals" label was all natural, here, the Court cannot conclude that no reasonable

17

consumer could be misled by the strikingly similar "Wild Naturals" Products' labels. *See Goldemberg*, 8 F. Supp. 3d at 480. Plaintiff has met the burden of pleading that a reasonable consumer might be misled by the Products' labels, and thus, Defendant's motion to dismiss Plaintiffs' NY GBL claims is denied.

### D. <u>Claims VIII and IX: Fraud and Negligent Misrepresentation</u>

Plaintiff brought claims for both fraud and negligent misrepresentation under California and New York law. Defendant makes several arguments in support of dismissing Plaintiff's fraud and misrepresentation claims under both California and New York law: (1) that Plaintiffs' negligent misrepresentation claim under New York law must be dismissed for lack of privity (ECF No. 6 at 21–22); (2) that the economic loss rule bars recovery for Plaintiffs' fraud and negligent representation claims (ECF No. 6 at 22); (3) that Plaintiffs' California negligent misrepresentation claim must fail because the Products' labels do not contain false information upon which Plaintiffs relied (ECF No. 6 at 21); and (4) that Plaintiffs' California negligent misrepresentation claim must fail because Defendant did not owe a duty to Plaintiffs. (ECF No. 6 at 22.) The Court will address each argument in order.

#### i.    *Negligent Misrepresentation under New York Law*

Defendant argues that Plaintiffs' New York claim for negligent misrepresentation must be dismissed because the parties lack privity. (ECF No. 6 at 21–22.) In New York, "a plaintiff in an action for negligent misrepresentation must show either privity of contract between the plaintiff and the defendant or a relationship 'so close as to approach that of privity.'" *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 15 N.Y.3d 370, 372 (2010) (quoting *Ultramares Corp. v. Touche*, 255 N.Y. 170, 182–183 (1931)). Plaintiffs concede that their New York negligent misrepresentation claim fails for lack of privity. (ECF No. 9 at 21.) Thus, the Court will not discuss this claim and grants Defendant's motion to dismiss Plaintiffs' New York negligent misrepresentation claim.

#### ii.    *Economic Loss Rule*

Defendant asks the Court to dismiss Plaintiffs' New York and California fraud and negligent misrepresentation claims on the basis of the economic loss rule. [3] (ECF No. 6 at 22.) In

---

[3]    As it is dismissed on other grounds, the Court does not address whether Plaintiffs' claim for negligent

18

California, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity (or

"scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting

damage. *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006) (citations omitted).  In New

York, "[t]o allege a cause of action based on fraud, plaintiff must assert 'a misrepresentation or a

material omission of fact which was false and known to be false by defendant, made for the

purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the

misrepresentation or material omission, and injury.'"  *Connaughton v. Chipotle Mexican Grill,*

*Inc.*, 29 N.Y.3d 137, 142 (2017) (quoting *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413,

421 (1996)).

The economic loss rule is "[t]he principle that a plaintiff generally cannot recover for

financial harm that results from injury to the person or property of another.  Many states

recognize an exception to this rule when the defendant commits fraud or negligent

misrepresentation, or when a special relationship exists between the parties (such as an attorney-

client relationship)." *Economic-Loss Rule*, BLACK'S LAW DICTIONARY (10th ed. 2014).  The

economic loss rule "requires a purchaser to recover in contract for purely economic loss due to

disappointed expectations, unless he can demonstrate harm above and beyond a broken

contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).

Courts in both New York and California "have allowed intentional misrepresentation

claims to proceed, notwithstanding the economic loss rule." *Weisblum v. Prophase Labs, Inc.*, 88

F. Supp. 3d 283, 297 (S.D.N.Y. 2015) ("Plaintiffs' fraud claims, however, are not barred by the

economic loss doctrine."); *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1032–

33 (E.D. Cal. 2013) (declining to apply the economic loss rule to a case alleging intentional fraud

and noting that "the economic loss rule is designed to limit liability in commercial activities that

negligently or inadvertently go awry, not to reward malefactors who affirmatively misrepresent

and put people at risk") (quoting *Robinson*, 34 Cal. 4th at 991 n.7).

Defendant's argument that Plaintiffs' New York fraud claim should be dismissed is

unpersuasive.  Defendant cites *Orlando v. Novurania of America, Inc.*, which held that a claim for

---

misrepresentation under New York law is barred by the economic loss doctrine.

19

"fraudulent misrepresentation, [wa]s barred by New York's economic loss rule." 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001). The *Orlando* case was rejected in *Weisblum v. Prophase Labs, Inc*. *See* 88 F. Supp. 3d at 297 ("Defendants cite *Orlando v. Novurania of Am., Inc.*, which stated, without discussion or citation, that New York courts have not adopted an exception to the economic loss rule for intentional torts. Other courts in this Circuit, however, have disagreed.") (citation omitted). The court in *Weisblum* denied a motion to dismiss the plaintiffs' fraud claims on the basis of the economic loss doctrine. *Id.* at 297–98. Defendant does not cite to any other cases dismissing fraud claims on the basis of the economic loss rule. Thus, the Court denies Defendant's motion to dismiss the New York fraud claim on the grounds of the economic loss doctrine.

As for Plaintiffs' California fraud and negligent misrepresentation claims, the cases Defendant cites are similarly unpersuasive. In *Foster Farms v. Alkar-Rapidpak-MP Equip., Inc.*, the court held that the economic loss rule bars recovery for fraud when there is a breach of contract claim based on the same factual allegations. 868 F. Supp. 2d 983, 991–92 (E.D. Cal. 2012); *see also Robinson Helicopter Co.*, 34 Cal. 4th at 989. In the instant case, Plaintiff does not allege a claim for breach of contract. Nor does Defendant cite to any cases where the court's decision did not rest on competing contractual claims. Also, Defendant does not cite to any other case to support its argument that the economic loss rule should bar Plaintiffs' fraud and negligent misrepresentation claims. Plaintiffs, however, cite to several California cases allowing tort claims to proceed notwithstanding the economic loss rule. *See Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 F. App'x 700, 701 (9th Cir. 2011) (upholding a jury verdict in favor of a negligent misrepresentation claim and stating that the court "declined to apply the economic loss rule to fraud and misrepresentation claims where, as here, one party has lied to the other."); *Zakaria v. Gerber Prod. Co.*, No. LA CV15-00200 JAK EX, 2015 WL 3827654, at *11 (C.D. Cal. June 18, 2015) ("California law classifies negligent misrepresentation as a species of fraud, for which economic loss is recoverable.") (citation omitted). Because Defendant cannot point to any case law where the economic loss rule bars recovery in non-contractual tort actions, Defendant's motion to dismiss Plaintiffs' fraud and intentional misrepresentation claims because they are

barred by the economic loss rule is denied.

> iii.     *California Negligent Misrepresentation – False Information*

Defendant argues that Plaintiffs' claim for negligent misrepresentation under California law must be dismissed because Plaintiffs do not allege that Defendant's Products' labels contain false information which Plaintiffs relied on. (ECF No. 6 at 21.) Under California law "negligent misrepresentation" requires: (1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance thereon by the party to whom the misrepresentation was directed; and (5) damages. *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986); *Charnay v. Cobert*, 145 Cal. App. 4th 170, 184 (2006); *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 417 (C.D. Cal. 2012). The "reasonable consumer" standard that applies under California's UCL, FAL, and CLRA also applies to common negligent misrepresentation claims. *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). "Whether a reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss." *Id.*

As discussed above, whether a reasonable consumer could be misled by Defendant's Products' labels is a question of fact not appropriate for dismissal at this stage. Accordingly, Defendant's motion to dismiss Plaintiffs' negligent misrepresentation claim on this basis is denied.

> iv.     *California Negligent Misrepresentation – Duty*

Defendant argues that Defendant cannot be held liable for negligent misrepresentation unless Defendant owed a duty to the Plaintiffs.[4] (ECF No. 6 at 22.) The Court finds this argument unpersuasive. Courts interpreting California law have rejected the argument that

---

[4] Defendant cites *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1435 (N.D. Cal. 1988), which applied a test set forth by the California Supreme Court in *Goodman v. Kennedy*. 18 Cal. 3d 335, 342 (1976). The test, which determines when a defendant will be liable to a third person not in privity, appears limited to situations where the defendant owed the plaintiff a professional duty. There is no professional duty or liability in this case, and Defendant has not cited any case law where courts have barred negligent misrepresentation claims from proceeding under similar facts.

negligent misrepresentation claims are limited to situations where the defendant owes a duty to the plaintiff. *See e.g.*, *Rice v. Charles Schwab*, No. SACV 10-00398-CJC, 2010 WL 5156654, at *2, n.2 (C.D. Cal. Oct. 22, 2010) (noting "that the only substantive difference between New York and California law is the limitation of liability for negligent misrepresentation to certain plaintiffs to whom defendants owe a duty"); *Lacher v. Superior Court*, 230 Cal. App. 3d 1038, 1046 (Ct. App. 1991) ("A contractual or fiduciary relationship between the defendant and the plaintiff is not required before liability for negligent misrepresentation may be found."); *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 113 (2d Cir. 2012) (acknowledging that New York law requires the existence of a "privity-like" relationship that "impos[es] a duty on the defendant to impart correct information to the plaintiff," and California courts "have expressly rejected that requirement.") (citation omitted). Because privity or a "special duty" is not required to bring a claim for negligent misrepresentation under California law, Defendant's motion to dismiss Plaintiffs' California negligent misrepresentation claims is denied.

E. Claim X: Breach of Express Warranty

Defendant argues that Plaintiffs' breach of warranty claim fails under both New York and California law. (ECF No. 6 at 23.)

In California, to prove a claim based on breach of an express warranty, a plaintiff must show that the seller: "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, *2 (N.D. Cal. Mar. 25, 2008). In addition, to plead a claim for breach of express warranty, "'one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury.'" *Blennis*, 2008 WL 818526, at *2 (quoting *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986)).

Under New York law, to state a claim for breach of an express warranty, "[a] plaintiff must allege 'an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon [to] the plaintiff's detriment.'"

*Buonasera v. Honest Co., Inc.*, 208 F. Supp. 3d 555, 567 (S.D.N.Y. 2016) (quoting *Ault v. J.M. Smucker Co.*, No. 13 CIV. 3409 PAC, 2014 WL 1998235, at *6 (S.D.N.Y. May 15, 2014)).

Defendant argues that the representations on the labels are not express warranties, but are "mere puffery" or generalized statements. (ECF No. 6 at 23–24.) Statements that are "puffery" or generalized are not actionable as breach of express warranty claims. *See Buonasera*, 208 F. Supp. 3d at 567. However, courts in both California and New York have "held that 'natural' labels" are more than mere puffery, and "can constitute express warranties." *Brenner v. Procter & Gamble Co.*, No. SACV 16–1093–JLS (JCG), 2016 WL 8192946, at *7–8 (C.D. Cal. Oct. 20, 2016) ("Plaintiff has plausibly alleged that the "Natural Clean" label is false and has otherwise adequately pleaded the elements of an express warranty claim."); *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482–483 (S.D.N.Y. 2014) (denying motion to dismiss for breach of express warranties where products were advertised as "Active Naturals" but the products contained synthetic ingredients); *see also Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13–cv–05222, 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (determine that "all natural" labeling was adequate to state a claim for breach of express warranty); *Aguiar v. Merisant Co.*, No. 14-00670-RGK-AGR, 2014 WL 6492220, at *9 (C.D. Cal. Mar. 24, 2014); *Ham v. Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal 2014) ("all natural" claims on waffles constituted an express warranty); *Vicuña v. Alexia Foods, Inc.*, No. C 11–6119 PJH, 2012 WL 1497507, at *2 (N.D. Cal. Apr. 27, 2012) ("all natural" food label constituted an express warranty); *Buonasera*, 208 F. Supp. 3d at 567 ("[W]hether a reasonable consumer could interpret the term 'all natural' as a factual claim is a matter of fact not appropriate for a motion to dismiss."); *Ault*, No. 13 CIV. 3409 PAC, 2014 WL 1998235, at *6.

As discussed above, Defendant's arguments that their labeling practice is generalized or mere puffery because they do not condition the term "natural" with "all" or "100%" is unpersuasive at this point in the litigation. *See Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158, at *6 (N.D. Cal. Dec. 10, 2013) ("Whether one labels a product 'natural' or 'all natural,' the same plausible inference can be drawn—that the product is natural, meaning it is not made with any non-natural ingredients."); *see also Brenner*, No. SACV 16–1093–JLS (JCG), 2016 WL 8192946,

at *6. The question at hand is the meaning that consumers would attach to the term, which is not a question that can be resolved at the pleading stage. *Morales*, No. CIV. 2:13-2213 WBS E, 2014 WL 1389613, at *7; *Brown*, 913 F. Supp. 2d at 899. Thus, Defendant's motion to dismiss Plaintiffs' breach of express warranty claim is denied.

### F. Defendant's Request to Strike Punitive Damages Claims

Defendant asks the Court to strike Plaintiffs' request for punitive damages. [5] (ECF No. 6 at 26.) Defendant argues that Plaintiffs failed to meet their burden of pleading the claims for punitive damages because they do not allege any facts in the Complaint to support allegations that Defendant is guilty of "oppression, fraud or malice." (ECF No. 6 at 26–27.) Plaintiffs, however, allege that "not only did Defendant know that representations were misleading, but that Defendant 'intended to induce' Plaintiffs to purchase Wild Naturals based on these representations and cause their injuries while knowing that the representations were false and misleading." (ECF No. 9 at 25.)

California law provides that punitive damages are only available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). Here, Plaintiffs have causes of action for fraud that remain viable, thus it is not appropriate to dismiss claims for punitive damages at this time. Accordingly, Defendant's motion to dismiss Plaintiff's request for punitive damages is DENIED.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss. (ECF No. 6.) The Court orders as follows:

1. Defendant's Motion to Dismiss Plaintiffs' claims based on Defendant's website is GRANTED with leave to amend.

---

[5]     Plaintiffs argue that Defendant's language creates an improper "motion to strike." (ECF No. 9 at 24–25.) Defendant, in their initial pleading, brought a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f). (ECF No. 6.) Further, Defendant acknowledged in their Reply that the proper way to challenge the sufficiency of a punitive damages claim is through a motion to dismiss under Rule 12(b)(6), and not a motion to strike under Rule 12(f). (ECF No. 10 at 11.) Accordingly, the Court will treat Defendant's request that "Plaintiffs' demand for punitive damages be stricken" as a motion to dismiss the punitive damages claims.

2. Defendant's Motion to Dismiss Plaintiffs' claims to Products they have not purchased is DENIED.

3. Defendant's Motion to Dismiss Counts I, II, III, IV, V, VI, VII, IX, and X is DENIED.

4. Defendant's Motion to Dismiss Count VIII is GRANTED with prejudice as to Plaintiffs' New York Negligent Misrepresentation Claim, but DENIED as to Plaintiffs' California Negligent Misrepresentation Claim.

5. Defendant's Motion to Dismiss Plaintiffs' punitive damages claims is DENIED.

Should Plaintiffs elect to do so, Plaintiffs are granted thirty (30) days from the date of this Order to file a first amended complaint. Defendant is afforded twenty-one (21) days from the date Plaintiffs file an amended complaint to answer the complaint.

IT IS SO ORDERED.

Dated: October 23, 2018

Troy L. Nunley
United States District Judge